IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DRAGON INTELLECTUAL PROPERTY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>AT&T SERVICES, INC.,<br><br>Defendant. | Civil Action No. 13-2061-RGA |
| DRAGON INTELLECTUAL PROPERTY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>Defendant. | Civil Action No. 13-2062-RGA |
| DRAGON INTELLECTUAL PROPERTY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>COMCAST CABLE COMMUNICATIONS, LLC,<br><br>Defendant. | Civil Action No. 13-2063-RGA |
| DRAGON INTELLECTUAL PROPERTY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>COX COMMUNICATIONS, INC.,<br><br>Defendant. | Civil Action No. 13-2064-RGA |

| | |
|---|---|
| DRAGON INTELLECTUAL PROPERTY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> DIRECTV, LLC, <br><br> Defendant. | Civil Action No. 13-2065-RGA |
| DRAGON INTELLECTUAL PROPERTY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> TIME WARNER CABLE INC., <br><br> Defendant. | Civil Action No. 13-2068-RGA |
| DRAGON INTELLECTUAL PROPERTY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> VERIZON COMMUNICATIONS INC., <br><br> Defendant. | Civil Action No. 13-2069-RGA |

**MEMORANDUM**

Presently before the Court are Defendants' motions for Rule 11 sanctions. (C.A. No. 13-2061, D.I. 123; C.A. No. 13-2062, D.I. 133; C.A. No. 13-2063, D.I. 132; C.A. No. 13-2064, D.I. 125; C.A. No. 13-2065, D.I. 139; C.A. No. 13-2068, D.I. 135; C.A. No. 13-2069, D.I. 125).[1] The issues have been fully briefed. (D.I. 134, 158, 160, 161, 162, 175). The Court held oral

---

[1] One group of Defendants has moved jointly: Charter, Comcast, Cox, Time Warner, and Verizon (collectively "the Cable Defendants"). AT&T and DirecTV have each moved separately, but filed a joint reply. The issues within the various motions overlap to a significant degree. Accordingly, for purposes of simplification, all citations are to C.A. No. 13-2062, unless otherwise indicated.

2

argument on June 24, 2016. (D.I. 191). For the reasons set forth herein, Defendants' motions for Rule 11 sanctions are **DENIED**.

Plaintiff filed these patent infringement lawsuits on December 20, 2013, asserting that Defendants infringed U.S. Patent No. 5,930,444. (D.I. 1). On September 12, 2014, after receiving Plaintiff's initial infringement contentions, the Cable Defendants wrote a letter to Plaintiff ("the Sept. 2014 Letter"), asserting that Plaintiff's contentions could not support a claim for infringement, and requesting that Plaintiff stipulate to non-infringement and dismiss its claims. (D.I. 135, Ex. 11). In the Sept. 2014 Letter, the Cable Defendants explained to Plaintiff that the accused devices could not literally infringe, and that a doctrine of equivalents theory would be foreclosed by prosecution history estoppel. (*Id.*). The Cable Defendants, in discussing prosecution history estoppel, noted that the patentee, in order to distinguish the Sata reference, had disclaimed continuously recording devices. (*Id.* at p. 5). The Cable Defendants also expressed their intent to seek Rule 11 sanctions, 35 U.S.C. § 285 fees, and 28 U.S.C. § 1927 fees and costs, "[i]f Dragon refuse[d] to" "stipulate to non-infringement and immediately dismiss with prejudice its claims." (*Id.* at p. 1).

On November 21, 2014, the Court held a discovery conference with Plaintiff and the Cable Defendants. The Cable Defendants requested the conference "because the infringement contentions provided by Plaintiff [were] wholly inadequate . . . . [and] demonstrate[d] that Plaintiff had no basis to bring th[e] suit and ha[d] no basis to maintain the suit." (D.I. 136, Ex. 25 at p. 5). The Cable Defendants requested leave to move for early summary judgment of non-infringement. (D.I. 59). The Court denied that request, stating that it was premature. (D.I. 136 Ex. 25 at pp. 24, 27). No party mentioned Rule 11 during the conference.

3

The Court held a Markman hearing on May 22, 2015. (D.I. 112). In the September 9, 2015 Markman Opinion, I concluded that Plaintiff's proposed constructions—with respect to "broadcast program information," "record key," and "to begin a recording by initiating storage of the broadcast program information in said memory unit"—sought to reclaim subject matter disclaimed during prosecution. (D.I. 119 at pp. 4-6, 10-12). In so concluding, I stated that "the applicants [had] clearly and unequivocally disclaimed continuous recording devices" and that I had "only once seen a clearer case of prosecution disclaimer." (*Id.* at p. 7).

On October 28, 2015, Plaintiff's counsel sought leave to withdraw. (D.I. 122). On that same day, the Cable Defendants emailed their Rule 11 motion to Plaintiff's counsel. (D.I. 175, Ex. 1). AT&T and DirecTV, on November 6, 2015, emailed their Rule 11 motions to Plaintiff's counsel. (C.A. No. 13-2061, D.I. 162, Exs. 2-3). The Court granted the motion to withdraw on November 11, 2015. (D.I. 127). On December 14, 2015, Defendants filed their Rule 11 motions.[2] (D.I. 133; C.A. No. 13-2061, D.I. 123). Plaintiff obtained replacement counsel on March 3, 2016. (D.I. 153). On April 27, 2016, following a stipulation of non-infringement, the Court entered judgment in favor of Defendants. (D.I. 181).

"Rule 11 provides that attorneys may be sanctioned if they, among other things, fail to make a reasonable inquiry into the legal legitimacy of a pleading." *Ario v. Underwriting Members of Syndicate 53 at Lloyds*, 618 F.3d 277, 297 (3d Cir. 2010). The Third Circuit has found that the relevant standard for compliance with this rule is that an attorney's conduct must be "objectively reasonable under the circumstances." *Simmerman v. Corino*, 27 F.3d 58, 62 (3d Cir. 1994). "[A] district court's decision to impose sanctions [is reviewed] for abuse of

---

[2] Although the motion papers target Plaintiff, Delaware counsel, and outside counsel, the Court has already dismissed the motions as to Delaware counsel. (D.I. 189).

4

discretion." *Zuk v. E. Pa. Psychiatric Inst. of the Med. Coll. of Pa.*, 103 F.3d 294, 298 (3d Cir. 1996).

Rule 11 "imposes mandatory obligations upon the party seeking sanctions, so that failure to comply with the procedural requirements precludes the imposition of the requested sanctions." *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 389 (4th Cir. 2004) (en banc); *see also In re Miller*, 730 F.3d 198, 204 (3d Cir. 2013). One such obligation is the 21-day safe harbor, which provides that a Rule 11 motion "must be served under Rule 5, [and] it must not be filed [with] . . . the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service . . . ." Fed. R. Civ. P. 11(c)(2). The safe harbor is intended to "protect[] litigants from sanctions whenever possible in order to mitigate Rule 11's chilling effect, formaliz[e] procedural due process considerations such as notice for the protection of the party accused of sanctionable behavior, and encourag[e] the withdrawal of papers that violate the rule without involving the district court . . . ." Charles Alan Wright et al., *Federal Practice and Procedure* § 1337.2 (3d ed. 2016).

The Third Circuit has held, in the bankruptcy context, that "strict compliance with the safe harbor rule [of Fed. R. Bankr. P. 9011] is required." *Miller*, 730 F.3d at 204. While *Miller* is a bankruptcy case which interpreted Rule 9011, the Third Circuit has held that Rule 9011 and Rule 11 are equivalent, and that "cases decided pursuant to Rule 11 also apply to Rule 9011." *Id.* at 204 n.4 (alterations omitted) (quoting *In re Gioioso*, 979 F.2d 956, 960 (3d Cir. 1992)). Therefore, Defendants must have served their Rule 11 motions 21 days before filing them with the Court. Here, there is no doubt that Defendants have done so. The Cable Defendants effected

5

service at least 47 days before filing, while AT&T and DirecTV effected service 38 days before filing.[3]

Rule 11 motions should be served promptly. When interpreting the 1983 version of Rule 11, which contained no safe harbor provision, *In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 99 (3d Cir. 2008), the Third Circuit adopted as a supervisory rule "a requirement that all motions requesting Rule 11 sanctions be filed in the district court before the entry of a final judgment," and "[w]here appropriate, . . . at an earlier time—as soon as practicable after discovery of the Rule 11 violation." *Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 94 (3d Cir. 1988). In considering whether a Rule 11 motion was brought "as soon as practicable," *Mary Ann Pensiero* focused on the date of filing. The current version of the rule, however, treats the date of service as the operative date for timeliness.[4] Fed. R. Civ. P. 11 advisory committee's notes to 1993 amendment ("Ordinarily the motion should be served promptly after the inappropriate paper is filed, and, if delayed too long, may be viewed as untimely."). At minimum, "[a] party cannot delay serving its Rule 11 motion . . . until conclusion of the case (or judicial rejection of the offending contention)." *Schaefer Salt*, 542 F.3d at 99 (quoting Fed. R. Civ. P. 11 advisory committee's notes to 1993 amendment). Thus, to assess whether the Rule 11 motions were timely, I must determine the date on which the Rule 11 motions were served.

Defendants, relying on *In re Mondelli*, 508 F. App'x 131 (3d Cir. 2012), argue that Rule 11(c)(2) requires only "substantial[] compli[ance]," and that the Sept. 2014 Letter satisfies that

---

[3] The parties dispute whether email service satisfies the Rule 11(c)(2) requirement that service comply with Rule 5. The parties to each of these cases have "consented in writing to service by email, in accordance with Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure." (D.I. 13 ¶ 8). Therefore, email service was proper.

[4] As to the timeliness of filing, the Third Circuit still adheres to *Mary Ann Pensiero*'s requirement that motions be filed before entry of final judgment. *See Gary v. Braddock Cemetery*, 517 F.3d 195, 202 (3d Cir. 2008).

standard. *Id.* at 135. I disagree. Although no precedential Third Circuit opinion squarely addresses this issue, *Miller* is instructive. There, the Third Circuit concluded that the safe harbor rule of Rule 9011 required "strict compliance." *In re Miller*, 730 F.3d at 204. Further, the court acknowledged that *Mondelli* was a non-precedential decision, and noted that "several courts of appeals have disagreed with the proposition that . . . notification letters may satisfy the safe harbor's procedural requirements." *Id.* at 204 n.5. *Miller* thus suggests that the Third Circuit, like most other circuits,[5] would conclude that "warning letters . . . cannot be deemed an adequate substitute for . . . service of the motion itself." *Roth v. Green*, 466 F.3d 1179, 1192 (10th Cir. 2006). This reading comports with the text of the rule, which requires that "[t]he motion be served." Fed. R. Civ. P. 11(c)(2); *see also* Fed. R. Civ. P. 11 advisory committee's notes to 1993 amendment ("counsel should be expected to give informal notice to the other party, whether in person or by a telephone call or letter, of a potential violation before proceeding to prepare and serve a Rule 11 motion"). In the Sept. 2014 Letter, the Cable Defendants threatened to file Rule 11 motions "[i]f Dragon refuse[d] to" "stipulate to non-infringement and immediately dismiss with prejudice its claims." (D.I. 135, Ex. 11 at p. 1). The letter did not include a Rule 11 motion.[6] Therefore, the Sept. 2014 Letter failed to trigger the safe harbor. Accordingly, Plaintiff's counsel were not properly served with a Rule 11 motion until October 28, 2015 and November 6, 2015.

---

[5] The Seventh Circuit held otherwise in *Nisenbaum v. Milwaukee Cty.*, 333 F.3d 804, 808 (7th Cir. 2003). That decision is, however, the only precedential court of appeals decision which reaches that conclusion. *See* 5A Charles Alan Wright et al., *Federal Practice and Procedure* § 1337.2 n.7 (3d ed. 2016).

[6] Defendants contend that this letter should qualify as a Rule 11 motion because it is detailed. Even if a letter could, under some circumstances, satisfy strict compliance, this one clearly does not. The letter discusses prosecution history estoppel—rather than prosecution history disclaimer—and contains no discussion of the relevant Rule 11 standards. It is merely a warning letter.

The question is whether this service was timely. "[T]he court ha[s] discretion in deciding when it is 'practicable' to file a sanctions motion." *Comuso v. Nat'l R.R. Passenger Corp.*, 2000 WL 502707, at *2 n.2 (E.D. Pa. Apr. 25, 2000), *appeal dismissed*, 267 F.3d 331 (3d Cir. 2001). According to Defendants, the Rule 11 violation was known as early as September 2014, when Plaintiff supplied its initial infringement contentions. (D.I. 134 at 16-17; C.A. No. 13-2061, D.I. 124 at 8-9; C.A. No. 13-2065, D.I. 135 at 8-9). Yet Defendants waited for over a year, and until after the Court issued its Markman decision, to serve the Rule 11 motions. Therefore, Defendants did not serve their motions "as soon as practicable after discovery of the Rule 11 violation." *Mary Ann Pensiero*, 847 F.2d at 94. There is simply no reason why the Rule 11 motions could not have been served earlier. Further, while there may not have been a formal judicial rejection of the offending contention,[7] Defendants waited until after the case was effectively over to serve the Rule 11 motions. I conclude that the motions are untimely.

With respect to Plaintiff, there is an additional reason to deny Defendants' motion for monetary sanctions. Rule 11 provides that "[t]he court must not impose a monetary sanction . . . against a represented party for violating Rule 11(b)(2)." Fed. R. Civ. P. 11(c)(5). That subsection requires an attorney or unrepresented party to certify that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). Here, the purported Rule 11 violation stems from a failure to recognize an obvious prosecution history disclaimer. That failure was fatal to Plaintiff's infringement theory.

---

[7] Defendants argue that the offending contention is the complaint. While the Markman decision resolved particular claim construction disputes, it did not formally "reject" the complaint as a dispositive motion would have done. *See, e.g., Lawrence v. Richman Grp. of CT LLC*, 620 F.3d 153, 158 (2d Cir. 2010) (sanctions could not be awarded when service occurred after the offending complaint had been "effectively dismissed"); *Brickwood*, 369 F.3d at 398. Therefore, I do not think the Markman decision amounted to the sort of "judicial rejection" contemplated by the notes to Rule 11.

Whether prosecution history disclaimer applies in a given case is a claim construction issue. *3M Innovative Props. Co. v. Avery Dennison Corp.*, 350 F.3d 1365, 1371 (Fed. Cir. 2003). When a court relies solely upon intrinsic evidence—as with prosecution history disclaimer—the court's construction is a determination of law. *See Teva Pharm. USA, Inc. v. Sandoz, Inc.*, 135 S. Ct. 831, 841 (2015). Accordingly, it would be improper to award monetary sanctions against Plaintiff for conduct which relates entirely to legal issues.

Therefore, the motions for Rule 11 sanctions are **DENIED**.

Entered this 12 day of July, 2016.

/s/ Richard G. Andrews
United States District Judge