IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DRAGON INTELLECTUAL PROPERTY, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>AT&T SERVICES INC.,<br><br>    Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 13-2061 (RGA) |
| DRAGON INTELLECTUAL PROPERTY, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>DIRECTV, LLC,<br><br>    Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 13-2065 (RGA) |

**AT&T AND DIRECTV'S OPENING BRIEF IN SUPPORT OF THEIR MOTION TO
DECLARE THIS CASE EXCEPTIONAL AND AWARD FEES UNDER 35 U.S.C. § 285**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Karen Jacobs (#2881)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
kjacobs@mnat.com

*Attorneys for Defendant AT&T Services, Inc.*

September 2, 2016

ASHBY & GEDDES
Steven J. Balick (#2114)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
amayo@ashby-geddes.com

*Attorneys for Defendant DIRECTV, LLC*

**TABLE OF CONTENTS**

**Page**

I.     SUMMARY OF ARGUMENT ..................................................................................1

II.    NATURE AND STAGE OF THE PROCEEDINGS .......................................................2

III.   STATEMENT OF FACTS ....................................................................................3

IV.    LEGAL STANDARD ..........................................................................................6

V.     ARGUMENT .....................................................................................................7

       A.     This Case Stands Out From Others Because of the Weakness of Dragon's
              Claims and the Unreasonable Manner in Which Dragon Litigated........................7

              1.     *Dragon ignored the results of any reasonable pre-suit investigation.*........8

              2.     *Dragon took unreasonable litigation positions.*...........................................8

              3.     *Dragon took directly conflicting positions before the PTO and this*
                     *Court.* .......................................................................................10

       B.     AT&T and DIRECTV are Prevailing Parties. .....................................................11

VI.    CONCLUSION .................................................................................................11

i

# TABLE OF AUTHORITIES

**Cases**

*Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.*,
393 F.3d 1378 (Fed. Cir. 2005), *abrogated on other grounds by Octane Fitness*, 134 S. Ct. 1749 (2014) ...................................................................................7, 11

*Dragon Intellectual Property LLC v. DIRECTV, LLC*,
C.A. No. 13-2065-RGA.............................................................................................4, 5

*Facebook, Inc. v. Pragmatus AV, LLC*,
582 F. App'x 864 (Fed. Cir. 2014)..........................................................................11

*Lugus IP, LLC v. Volvo Car Corp.*,
2015 WL 1399175 (D. N.J. Mar. 26, 2015) ...........................................................10

*NTP, Inc. v. Research In Motion, Ltd.*,
418 F.3d 1282 (Fed. Cir. 2005), *abrogated on other grounds by Avid Tech. v. Harmonic, Inc.*, 418 F.3d 1282 (Fed. Cir. 2005) .....................................................9

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
134 S. Ct. 1749 (2014) .....................................................................................*passim*

*Segan LLC v. Zynga, Inc.*,
14-cv-1315-VC (N.D. Cal. Sept. 10, 2015).............................................................10

*SFA Sys., LLC v. 1-800-Flowers.com, Inc.*,
6:09-cv-00340-LED (E.D. Tex. July 8, 2014)...........................................................7

*Shum v. Intel Corp.*,
629 F.3d 1360 (Fed. Cir. 2010)..........................................................................7, 11

*Vehicle Operation Techs. LLC v. Ford Motor Co.*,
C.A. No. 13-539-RGA (D. Del. July 1, 2015).......................................................7, 9

*Vehicle Operation Techs. v. Am. Honda Motor Co.*,
67 F. Supp. 3d 637 (D. Del. 2014) ...............................................................8, 9, 10

**Rules and Statutes**

35 U.S.C. § 285...................................................................................................*passim*

## I.     SUMMARY OF ARGUMENT

Dragon should never have filed this lawsuit. Dragon accused Defendants of infringing U.S. Patent No. 5,930,444 (the "'444 Patent") based on the operation of Defendants' DVR devices, all of which employ a continuous recording technique that is widely used in the industry. But the '444 Patent does not cover continuous recording, a fact that this Court confirmed in its *Markman* opinion. *See* D.I. 110 at 7.[1] Rather, the '444 Patent requires a user to push a record key to begin a recording — a function that the accused devices plainly do not implement.

In pursuing this case, Dragon refused to acknowledge the plain language of the claims and the "clear and unequivocal" prosecution disclaimers — all of which show that the '444 Patent does not cover continuous recording devices like AT&T's and DIRECTV's. To resolve this problem, Dragon chose to contort the meaning of the claims — violating basic claim construction principles — so that Dragon could argue that the claims cover continuous recording devices. For example, Dragon contended that the claim term "record key is first actuated to begin a recording" covered devices in which the record key does not start a recording. Dragon also argued that a claim term that appeared twice in the claim ("broadcast program information") had two different meanings. According to Dragon, the word "the" changed the meaning of the term, despite clear Federal Circuit case law to the contrary. Dragon took these positions in an attempt to avoid the plain language of the claims and the disclaimers made during prosecution of the '444 Patent. Instead of abiding by the language of the claims and the prosecution disclaimer, Dragon chose to ignore the language of the claims and the prosecution disclaimer so that Dragon could bring and prosecute this lawsuit.

---

[1]     Unless otherwise noted, all D.I. numbers referenced herein refer to the *Dragon Intellectual Property LLC v. AT&T Services, Inc.* case, C.A. No. 13-2061-RGA.

1

Even after the Court rejected Dragon's claim construction positions, Dragon continued to maintain its baseless case against AT&T and DIRECTV for several months, refusing Defendants' offers of a "walk away." In the face of Defendants' Rule 11 motions, Dragon's counsel withdrew from the case, but Dragon itself remained undeterred and secured new counsel. Dragon has now reiterated its baseless litigation positions in its appeals to the Federal Circuit, even though the U.S. Patent and Trademark Office has also found Dragon's claims unpatentable on multiple grounds.

This case stands out from others because of the substantive weakness of Dragon's infringement claims, the ease by which non-infringement could and should have been determined, and the unreasonableness of its litigation positions. Dragon — and companies like Dragon — should be deterred from filing more frivolous suits like this one. Therefore, AT&T and DIRECTV respectfully request the Court to find this case exceptional and award AT&T and DIRECTV their reasonable attorneys' fees and costs of litigation under 35 U.S.C. § 285 from Dragon.[2]

## II.     NATURE AND STAGE OF THE PROCEEDINGS

This suit has been pending for over two and a half years. The Court held a *Markman* hearing on May 22, 2015 and issued its claim construction opinion on September 9, 2015. The Court entered constructions in Defendants' favor and found that "Plaintiff cannot now use claim construction to recapture continuous recording devices." D.I. 110 at 7. Dragon admitted that "a finding of infringement is not possible" under the Court's claim construction. D.I. 113 at 5.

---

[2]     Defendants will submit an accounting of their reasonable fees incurred in this case and redacted billing records in support, should the Court grant this motion.

2

Dragon's counsel withdrew from the case in the face of Defendants' Rule 11 motions.[3] D.I. 113. Dragon refused to drop its case and secured new counsel. On April 27, 2016, the Court entered a stipulated judgment of non-infringement in favor of Defendants. D.I. 167. Dragon filed a notice of appeal of the Court's claim construction on August 8, 2016. D.I. 181.

Dragon's patent was also the subject of two *inter partes* review proceedings during the course of the case. The Patent Trial and Appeal Board (PTAB) issued final written decisions in each of those proceedings finding Dragon's claims unpatentable on several grounds. IPR2014-01252, Paper 64 (Feb. 25, 2016); IPR2015-00499, Paper 34 (June 15, 2016). Dragon has also filed a notice of appeal of each PTAB decision. 16-1813 (IPR2014-01252); 16-2468 (IPR2015-00499).

## III.    STATEMENT OF FACTS

The Court is familiar with the facts of this case.[4] In December 2013, Dragon filed suit against AT&T and DIRECTV, alleging infringement of the '444 Patent on the basis of their digital recording (DVR) devices. All of the accused DVR devices employ a continuous recording technique that is widely used in the industry — a fact that even Dragon does not dispute. D.I. 167 at 3, 4. When a user tunes to a channel using one of the accused devices, the device automatically and continuously records that channel, without any need to push either a record key or a pause key. *Id.* The pause key in the accused devices merely pauses the display of information and has no effect on recording. *Id.* The operation of the continuous recording

---

[3]    The Court ultimately denied Defendants' Rule 11 motions as untimely and inapplicable to Dragon as a party, without addressing, let alone endorsing, the propriety of Dragon's litigation positions. D.I. 179.

[4]    To avoid burdening the Court with repetitive briefing, Defendants incorporate by reference the Factual Background sections of its Rule 11 briefing and claim construction briefing. D.I. 77, 124. Defendants provide a high-level overview of the relevant facts herein.

function is apparent to anyone who operates one of the accused devices or reviews the publicly-available user manuals.

The claims of the '444 Patent do not cover continuous recording devices, which is evident from the plain language of the claims and the prosecution history. Rather, the '444 Patent requires a user to press a record key to begin a recording. In an attempt to circumvent the plain language of the claims and the clear prosecution history disclaimers, Dragon crafted and pursued indefensible infringement theories. For example, in its initial infringement contentions, Dragon asserted that a "new recording" begins when the user presses the pause button on an AT&T or DIRECTV remote control. *See* D.I. 124-3 (Dragon's Initial Infringement Contentions for AT&T) at 18; *Dragon Intellectual Property LLC v. DIRECTV, LLC*, C.A. No. 13-2065-RGA, D.I. 141-3 (Dragon's Initial Infringement Contentions for DIRECTV) at 16. The '444 Patent makes no mention of a "new recording," and the accused devices do not start a new recording when either of the record or pause keys are pressed. However, by re-defining what "a recording" is and when an arbitrary "new recording" begins, Dragon contended that AT&T and DIRECTV's devices satisfy the claim element "the record key[5] is first actuated to begin a recording by initiating storage of the broadcast program information in said memory unit." '444 Patent, claim 1. This infringement theory directly contradicts the plain language of the claims and the operation of the accused devices.

Two months later, Dragon served "further" infringement contentions in which it set forth additional frivolous claim construction positions. For example, Dragon attempted to redefine the claim term "broadcast program information" in violation of basic claim construction principles. Dragon attempted to limit the "broadcast program information" required by the claims to only that information recorded after a user presses pause and before the user presses play. Dragon

---

[5]     Dragon contended the pause key satisfied the "record key" of the claims.

4

dubbed this slice of broadcast information "the broadcast program information *of interest*," ignoring all the information recorded by the accused devices prior to the time the pause key is pressed.  D.I. 124-4 (Dragon's Further Initial Infringement Contentions on AT&T) at 14-15 (emphasis added); *Dragon Intellectual Property LLC v. DIRECTV, LLC*, C.A. No. 13-2065-RGA, D.I. 141-4 (Dragon's Further Initial Infringement Contentions for DIRECTV) at 19-20. This was another attempt by Dragon to recapture continuous recording devices.  But again, Dragon lacked evidence to support its theory, which violated the most basic claim construction tenets.

Dragon continued to pursue these theories as the case progressed.  For example, in violation of Federal Circuit precedent, Dragon contended that the word "the" changed the meaning of the claim term "broadcast program information" that appears twice in asserted claim 1.  According to Dragon, the claim term "broadcast program information" needed no construction, but the claim term "*the* broadcast program information" meant "the broadcast program information presented after the record key is actuated and before the playback key is actuated."  D.I. 77 at 17, 62.  Similarly, Dragon's proposed construction of "to begin a recording by initiating storage of the broadcast program information in said memory unit" attempted to read out the requirement "to begin a recording."  D.I. 77 at 71-83.  Dragon also contended that the scope of the patent claims was unaffected by claim amendments made during prosecution. Ex. A (May 22, 2015 Hearing Tr.) at 108.  In pursuing these unreasonable positions, Dragon ignored the plain language of the claims, the prosecution history, and well-known principles of claim construction.

This Court examined the prosecution history and held that continuous recording devices were "clearly and unequivocally disclaimed."  D.I. 110 at 6-7.  The Court held that Dragon's claim constructions with respect to "broadcast program information," "record key," and "to

5

begin a recording by initiating storage of the broadcast program information in said memory unit" were improper attempts to reclaim claim scope that the applicant disclaimed. *See* D.I. 110 at 6-7. After more than two years, Dragon finally admitted that "a finding of infringement is not possible" under the Court's claim construction. D.I. 113 at 5. That finding, however, did not deter Dragon from forging ahead and filing a Notice of Appeal. D.I. 181.

Dragon charged ahead with these positions despite repeated notice from Defendants that the accused devices were continuous recording devices that could not infringe the claims of the '444 Patent. In the meantime, the Patent Trial and Appeal Board issued two final written decisions rendering Dragon's claims unpatentable under several grounds. IPR2014-01252, Paper 64 (Feb. 25, 2016); IPR2015-00499, Paper 34 (June 15, 2016). Yet Dragon refused to drop the case, refusing offers for a walk away, and forcing AT&T and DIRECTV to incur costs defending themselves.

## IV.    LEGAL STANDARD

"The court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. The statute provides two basic requirements: (1) that the case is "exceptional" and (2) that the party seeking fees is a "prevailing party."

The Supreme Court recently held that "an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014). The Court overruled previous Federal Circuit precedent that required material inappropriate conduct and subjective bad faith in order to find a case "exceptional." *Id.* at 1752-53. Under the new, more relaxed standard, district courts may consider "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case)

6

and the need in particular circumstances to advance considerations of compensation and deterrence." *Id*. at 1756 n.6 (internal quotation marks omitted). A case may be found exceptional and fees awarded where the exceptional conduct is based upon a legal argument, as one of the factors to consider in deciding whether a case is exceptional is objective unreasonableness (both in the factual and legal components of the case). *Vehicle Operation Techs. LLC v. Ford Motor Co.*, C.A. No. 13-539-RGA (D. Del. July 1, 2015) (D.I. 85) (slip. op. at 6) (citing *Octane Fitness*, 134 S.Ct. at 1756). And no independently sanctionable conduct or bad faith is required. *Octane Fitness*, 134 S. Ct. at 1757-58. A movant must establish its entitlement to attorneys' fees under Section 285 by a preponderance of the evidence. *Id*. at 1758.

As to the second requirement, to be a prevailing party in a patent case, "the party [must] have received at least some relief on the merits," and "[t]hat relief must materially alter the legal relationship between the parties by modifying one party's behavior in a way that directly benefits the opposing party." *Shum v. Intel Corp*., 629 F.3d 1360, 1367 (Fed. Cir. 2010). Summary judgment of non-infringement is sufficient for a defendant to be the prevailing party. *See Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc*., 393 F.3d 1378, 1381 (Fed. Cir. 2005), *abrogated on other grounds by Octane Fitness*, 134 S. Ct. 1749 (2014). Even dismissal with prejudice "constitutes a judicially sanctioned change in the legal relationship of the parties sufficient to render the defendant the prevailing party." *See SFA Sys., LLC v. 1-800-Flowers.com, Inc*., 6:09-cv-00340-LED (E.D. Tex. July 8, 2014) (D.I. 473 at 3).

## V.   ARGUMENT

### A.   This Case Stands Out From Others Because of the Weakness of Dragon's Claims and the Unreasonable Manner in Which Dragon Litigated.

This case stands out from others at least because: (1) Dragon failed to conduct an adequate pre-filing investigation (or ignored the results of any such investigation); (2) Dragon

7

refused to acknowledge the plain language of the claims and the prosecution history as applied to the accused AT&T and DIRECTV DVR devices, even after being notified of its meritless positions; and (3) Dragon took directly conflicting positions before the PTAB and this Court.

### 1.   *Dragon ignored the results of any reasonable pre-suit investigation.*

Any reasonable pre-suit investigation would have revealed that this action was frivolous. Dragon's pre-suit investigation should have included a careful review of the patent and its prosecution history. *See Vehicle Operation Techs. v. Am. Honda Motor Co.*, 67 F. Supp. 3d 637, 650 (D. Del. 2014). Dragon contends that it did such a review but insists that the '444 Patent does not disclaim continuous recording. *See, e.g.*, D.I. 149 at 5. When the prosecution history was presented to the Court, the Court held "the applicants clearly and unequivocally disclaimed continuous recording devices," and noted that it had only seen once a clearer case of prosecution disclaimer. D.I. 110 at 7 (citing *Vehicle Operation*, 67 F. Supp. 3d 637). In such a clear case of prosecution history disclaimer, anyone conducting a reasonable pre-suit investigation should have arrived at the same conclusion.[6]

### 2.   *Dragon took unreasonable litigation positions.*

To support its case that the '444 Patent covers continuous recording devices like Defendants', Dragon crafted infringement allegations and claim construction positions that no reasonable lawyer or litigant would support. *See* Section III, *supra*  (detailing Dragon's position regarding "broadcast program information" and "when said record key is first actuated to begin a recording by initiating storage of the broadcast program information in said memory unit"). For example, Dragon contended that "broadcast program information" and "the broadcast program information" — terms that appear within the same claim — should be given two different

---

[6]   This is not a case in which the plaintiff is unfamiliar with patents. Dragon's principal Kai Zhu is a registered patent attorney.

constructions.  As Defendants pointed out in their claim construction brief, use of the word "the" before the second occurrence of a claim term is a well-known claim drafting technique to indicate that the two terms are the same.  *NTP, Inc. v. Research In Motion, Ltd.*, 418 F.3d 1282, 1306 (Fed. Cir. 2005), *abrogated on other grounds by Avid Tech. v. Harmonic, Inc.*, 418 F.3d 1282 (Fed. Cir. 2005); D.I. 77 (Joint Claim Construction Brief) at 20.  As another example, Dragon also contended that the patent claims maintained the same meaning before and after the claims were amended during prosecution.  Ex. A (May 22, 2015 Hearing Tr.) at 108.  Dragon has provided no reasonable explanation for its patently unfounded litigation positions and, indeed, continues to maintain them.  Under the standard set forth in *Octane Fitness*, Dragon's litigation positions and unreasonable conduct make this case stand out from others.  134 S. Ct. 1749, 1756 (2014).

The plaintiff's egregious behavior in the *Vehicle Operation* case — the only clearer instance of prosecution disclaimer seen by this Court — nearly mirrors the behavior of Dragon here.  67 F. Supp. 3d 637.  In that case, the plaintiff failed to acknowledge several clear and unambiguous statements regarding the disclaimer of claim scope, which the Court held that any attorney performing a reasonable pre-filing investigation would have found.  *Id.* at 650.  The Court found that the "inventor repeatedly and unambiguously disclaimed the plain reading of the term 'display' and specifically disclaimed any type of display other than a 'dedicated display.'" *Id.* at 641-42.  Yet, in spite of the disclaimer, the plaintiff filed claims of patent infringement against several defendants, in each case accusing products which did not include a "dedicated display." *Id.* at 642.  The Court found that "the entire litigation was unreasonable" and the case was exceptional under Section 285.  A similar result is warranted here, at least to provide the

9

deterrent effect discussed by the Supreme Court in *Octane Fitness*.[7]  *See Octane Fitness*, 134 S. Ct. at 1756.

### 3. *Dragon took directly conflicting positions before the PTO and this Court.*

Dragon's arguments to the Patent Trial and Appeal Board further demonstrate that this suit is exceptional and an award of fees is warranted.  In the concurrent *inter partes* review proceedings, Dragon sought to *adopt* the prosecution disclaimers to save its claims from cancellation, while in the district court, Dragon sought to *ignore* the disclaimers to broaden its claims.  Mr. Zhu (Dragon's principal) argued to the PTAB, "[I]n our patent, in claim 1, that means that you have to press a record key to specifically begin a recording.  That's what the claim language says." D.I. 162-7 (IPR2015-00499 Paper 33) at 21:3-5.  Defendants agree.  This requirement of claim 1 is precisely why Defendants' continuous recording devices could not possibly infringe the '444 Patent — both at the outset of this case and now.  Dragon's attempt to advance a narrow construction during an IPR proceeding to save its claims while advancing a broad (and rejected) construction for this lawsuit to ensnare Defendants underscores the exceptionality of this case and warrants an award of fees.[8]

---

[7]   Other district courts have granted Section 285 motions under similar circumstances subsequent to *Octane Fitness.  See, e.g.*, *Segan LLC v. Zynga, Inc.*, 14-cv-1315-VC (N.D. Cal. Sept. 10, 2015) ("Even in the world of patent law, where lawyers and experts often take great liberties with words, this proposed construction of 'access' stands out as exceptional."); *Lugus IP, LLC v. Volvo Car Corp.*, 2015 WL 1399175, at *5 (D. N.J. Mar. 26, 2015) ("[T]he prosecution history of the patent at issue specifically distinguished Plaintiff's product from prior art . . . .  Plaintiff's claims that Defendants' seat retracts automatically were therefore not objectively reasonable.").

[8]   Dragon's conduct of asserting a narrower construction at the PTAB than before this Court is especially egregious because the scope of the "broadest reasonable interpretation" standard applied at the PTAB "may be the same as or broader than the construction of a term under the *Phillips* standard.  But it cannot be narrower." *See Facebook, Inc. v. Pragmatus AV, LLC*, 582 F. App'x 864, 869 (Fed. Cir. 2014).

**B.     AT&T and DIRECTV are Prevailing Parties.**

As to the second requirement under *Octane Fitness*, AT&T and DIRECTV are undoubtedly prevailing parties.  The parties stipulated that none of the accused products infringe the '444 Patent under the Court's claim constructions, after which the Court entered final judgment in favor of Defendants and against Dragon.  D.I. 166-68.  Thus, Defendants have prevailed on all issues and Dragon has prevailed on none, making Defendants the prevailing parties.  *See Shum*, 629 F.3d at 1367; *Brooks Furniture Mfg., Inc.*, 393 F.3d at 1381 (Fed. Cir. 2005).

## VI.     CONCLUSION

The applicants of the '444 Patent expressly and repeatedly disclaimed continuous recording devices during prosecution, yet Dragon pursued infringement claims against those very same devices in this case.  An objectively reasonable pre-suit investigation would have negated any possibility of infringement by these Defendants of the asserted claims.  But Dragon charged ahead nevertheless, pursuing unreasonable claim construction positions to force its claims on its targets.  It continues to pursue those positions — forcing AT&T and DIRECTV to incur additional costs — even though the USPTO found its claims unpatentable on multiple grounds. Dragon's objectively unreasonable litigation positions make this case stand out from others, and the Court should award fees to deter further suits like this one.   AT&T and DIRECTV respectfully request that this Court find this case exceptional under 35 U.S.C. § 285 and award each party its attorneys' fees and costs of litigation from Dragon.

11

OF COUNSEL:

Bryant C. Boren, Jr.
BAKER BOTTS L.L.P.
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304
(650) 739-7500

Roger Fulghum
Thomas Rooney
Michelle J. Eber
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana
Houston, TX 77002
(713) 229-1234

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Karen Jacobs*

Jack B. Blumenfeld (#1014)
Karen Jacobs (#2881)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
kjacobs@mnat.com

*Attorneys for Defendant AT&T Services, Inc.*

OF COUNSEL:

Kevin G. McBride
Romeao J. Jennings
AKIN GUMP STRAUSS HAUER &FELD LLP
4 Park Plaza, Suite 1900
Irvine, CA 92614
(949) 885-4205

John Wittenzellner
AKIN GUMP STRAUSS HAUER &FELD LLP
Two Commerce Square
2001 Market Street, Suite 4100
Philadelphia, PA 19103
(215) 965-1200

Charles Everingham, IV
AKIN GUMP STRAUSS HAUER &FELD LLP
911 West Loop 281, Suite 412
Longview, Texas 75604
(903) 297-7404

September 2, 2016

ASHBY &GEDDES

*/s/ Steven J. Balick*

Steven J. Balick (#2114)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
amayo@ashby-geddes.com

*Attorneys for Defendant DIRECTV, LLC*

12

## CERTIFICATE OF SERVICE

I hereby certify that on September 2, 2016, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered participants.

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on September 2, 2016, upon the following individuals in the manner indicated:

Timothy Devlin, Esquire                                              *VIA ELECTRONIC MAIL*
DEVLIN LAW FIRM LLC
1306 North Broom Street, First Floor
Wilmington, DE  19806
*Attorneys for Plaintiff*

*/s/ Karen Jacobs*

Karen Jacobs (#2881)